UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET BROWN HERELD,<br><br>　　　　Defendant. | Case No. C08-5300 RBL<br><br>ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on motion of the Plaintiff United States for summary judgment against Defendant Margaret Brown Hereld for indebtedness for non-payment of student loan promissory notes. Defendant has not filed a response to the motion.

The Court, having reviewed the motion and record herein, is fully informed and **GRANTS** the motion for summary judgment.

**Introduction and Background**

Defendant has failed to respond to the motion for summary judgment. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part that "[i]f a party fails to file the papers in opposition to a motion, such failure may be considered by

ORDER - 1

the court as an admission that the motion has merit." Although it is within the Court's discretion to view Defendant's failure to respond as acquiescence to the granting of the motion, the Court will review the motion on its merits to ensure entry of judgment is appropriate.

Defendant Hereld has set forth no specific facts in opposition to Plaintiff's motion for summary judgment, by affidavit or otherwise, as provided by Fed. R Civ. P. 56(e)(2).  Accordingly, the Court adopts the Plaintiff's statement of facts in its entirety.

On or about January 7, 1987, and March 30, 1987, the Defendant executed promissory notes to secure student loans from Rainier National Bank.  The loans were disbursed for $5,000.00 and $2,320.00, on March 26, 1987 and July 6, 1987, respectively, at 8.00 percent interest per annum. These loans were guaranteed by the Washington Student Loan Guaranty Association (WSLGA), and reinsured by the United States Department of Education. Rainier National Bank demanded payment from the Defendant according to the terms of the note, but never received any payments from Defendant.  On March 30, 1993, Rainier National Bank considered the debt to be in default, and filed a claim for reimbursement from the WSLGA.  The WSLGA paid a claim in the amount of $8,152.80 to Rainier National Bank, then attempted to collect the debt from the Defendant.  The WSLGA was unsuccessful in collecting the full amount due and on August 15, 2003, assigned its right and title to the promissory notes to the United States Department of Education.  Since assignment of the notes, the United States Department of Education has credited a total of $163.72, a Treasury Department Offset, to the balance.  After application of these credits, the Defendant owes the United States a total of $19,138.22 as of April 26, 2010, for both promissory notes.

On or about December 1, 1987, the Defendant executed and delivered a promissory note to secure a student loan from Seafirst Bank.  The loan was disbursed for $4,000.00, at a variable rate of interest to be established annually by the United States Department of Education.  This loan was guaranteed by the WSLGA, and reinsured by the United States Department of Education.  Seafirst

ORDER - 2

Bank demanded payment from the Defendant according to the terms of the note, and credited $155.04, to the outstanding principal owed on the loan. On September 25, 1997, Seafirst Bank considered the debt to be in default, and filed a claim for reimbursement from the WSLGA. The WSLGA paid a claim in the amount of $6,294.95 to Seafirst Bank, then attempted to collect the debt from the Defendant. The WSLGA was unsuccessful in collecting the full amount due, and on August 15, 2003, assigned its right and title to the promissory note to the United States Department of Education. Since assignment of the notes, the United States Department of Education has credited a total of $90.28, a Treasury Department Offset, in payments to the balance. After application of these credits, the Defendant owes the United States $11,681.01 as of April 26, 2010.

The United States Department of Education has sent a total of twenty-eight letters to the Defendant beginning in May of 2004, with the final demand letter having been sent on December 13, 2007. The United States Department of Education received no response.

As of April 26, 2010, the total balance owed on the three disbursements under the student loan promissory notes amounts to $30,819.23.

**Summary Judgment Standards**

Pursuant to Fed. R. Civ. P. 56(c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative

ORDER - 3

evidence, not simply some metaphysical doubt.). See also Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir.1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested to by that party contradict facts specifically attested to by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

**Student Loan Indebtedness**

The material facts in this action have been established by the United States through the introduction of documentary evidence. They are that the Defendant executed three promissory notes for student loans, two of which were with Rainier National Bank and one with Seafirst Bank, and that she in turn received funds as set forth in the two Certificates of Indebtedness; that the Defendant defaulted on these three loans; and that she continues to owe the United States the funds received under the three promissory notes for student loans.

In a letter addressed to this Court and filed in this action, Defendant Hereld states she has "no memory of the specifics of the loan or the payments, other than there were problems." In a statement filed by Mr. Hereld, the defendant's husband, he merely states that he remembered only one student loan, the one with "Seattle First National Bank," and that some payments were made on

ORDER - 4

1  that loan.  In fact, there were payments amounting to $155.04 made on the student loan from

2  SeaFirst Bank that are not in dispute.

3  The Defendant has not established any specific facts raising a genuine issue for trial.

4  Accordingly, Plaintiff is entitled to summary judgment.

**Conclusion**

6  Based on the aforementioned authority, the United States is entitled to summary judgment

7  against Margaret Brown Hereld for indebtedness for non-payment of student loan promissory notes.

8  ACCORDINGLY;

9  IT IS ORDERED:

10  The United States' Motion for Summary Judgment [Dkt 5] is **GRANTED**.  The United

11  States shall have and it hereby is awarded judgment against the Defendant as follows:

**FIRST CAUSE OF ACTION**
(Rainier National Bank loan)

| | |
|---|---|
| Principal: | $ 8,152.80 |
| Prejudgment interest to 02/18/2010 at 8.00% per annum: | $10,985.42 |
| SUBTOTAL: | $19,138.22 |

**SECOND CAUSE OF ACTION**
(Seafirst Bank loan)

| | |
|---|---|
| Principal: | $ 6,294.95 |
| Prejudgment interest to 02/18/10 at 8.20% and daily rate of $1.41: | $ 5,386.06 |
| SUBTOTAL: | $11,681.01 |
| **GRAND TOTAL**: | **$30,819.23** |

23  1. Interest shall continue to accrue at 8.00% per annum until entry of judgment on the

24  principal amount of $19,138.22 in the first cause of action;

26  ORDER - 5

1     2. Interest shall continue to accrue at the current rate of 8.20% and a daily rate of $1.41

2 through June 30, 2010, and thereafter at such rate as the Department of Education establishes

3 pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a, until

4 entry of judgment on the principal amount of $11,681.01 in the second cause of action;

5     3. Interest accrues on the total judgment from the date of judgment at the legal rate in effect

6 on the date of judgment, per annum and compounded annually until paid in full pursuant to 28

7 U.S.C.§ 1961(b);

8     4. Filing fee of $350.00 pursuant to 28 U.S.C. §§ 2412(a)(2) and 1914(a); and

9     5. Docket fees of $20.00 pursuant to 28 U.S.C. §1923;

11     DATED this 14th day of June, 2010.

                                         */s/ Ronald B. Leighton*
                                         RONALD B. LEIGHTON
                                         UNITED STATES DISTRICT JUDGE

26 ORDER - 6